**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| SCOTT JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. _____ |
| WILLARD FIRE PROTECTION DISTRICT | ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, and Rule 81 of the Federal Rules of Civil Procedure, Defendant Willard Fire Protection District ("WFPD" or "Defendant"), by and through its attorneys, Spencer Fane LLP, hereby files this Notice of Removal[1] regarding *Jones v. WFPD*, Case No. 2031-CC01519 that is currently pending in the Circuit Court of Greene County, Missouri (the "State Court Action"). The State Court Action is removable because there is a federal question on the face of Plaintiff's Petition and all other claims asserted within Plaintiff's Petition fall within this Court's supplemental jurisdiction. WFPD states the following in support of this Notice of Removal:

---

[1] The arguments raised in this Notice of Removal are for the purposes of removal only. By the assertion or omission of any argument or reliance upon any law, Defendants do not waive and specifically reserve their rights to assert any defenses and/or objections to which they may be entitled to assert through dispositive motion or otherwise.

## CASE HISTORY

1. On December 29, 2020, Plaintiff Scott Jones ("Plaintiff") filed his Petition against WFPD in the Circuit Court of Greene County, Missouri. The lawsuit is styled as *Jones v. Willard Fire Protection District*, Case No. 2031-CC01519. A copy of the Petition is attached hereto as **Exhibit A**.

2. The Complaint alleges that the WFPD violated the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 203 *et seq.*). *See* **Exhibit A, pgs. 5-7 (Counts I and II of the Petition).**

3. The FLSA is a federal statute.

4. Plaintiff served WFPD with the Complaint on or about January 15, 2021.

5. WFPD has not filed any responsive pleadings or otherwise responded to Plaintiff's Petition in the State Court Action.

6. WFPD timely filed this Notice of Removal on February 12, 2021. *See* 28 U.S.C. § 1446(b)(1). A copy of all process, pleadings, and orders that have been served upon WFPD in the State Court Action are attached to this Notice of Removal. *See* **Exhibit B**.

7. WFPD timely filed its Answer with this Court in response to the Petition on February 12, 2021. *See* Rule 81(c)(2)(C).

## BASIS FOR FEDERAL COURT JURISDICTION

8. Under 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Under 28 U.S.C. § 1367(a), ". . . any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

**A. The United States District Court for the Western District of Missouri is the appropriate federal court for removal purposes.**

11. Plaintiff filed the Complaint in the Circuit Court of Greene County Missouri.

12. The Circuit Court of Greene County Missouri is within the Western District of Missouri.

13. Therefore, the United States District Court for the Western District of Missouri is the appropriate court for removal and WFPD has the right to seek to remove the State Court Action to this Court.

**B. There is a federal question on the face of Plaintiff's Complaint.**

14. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

15. It is indisputable that Plaintiff's properly pled complaint presents a federal question. The Petition cites to, alleges claims under, and seeks relief under a federal statute (i.e. the Fair Labor Standards Act). *See* **Exhibit A, pgs. 5 – 7**.

16. Therefore, this Court has original jurisdiction over the State Court Action and WFPD has the right to seek removal of the State Court Action. *See* 28 U.S.C. §§ 1331 and 1441(a).

**C. This Court has supplemental jurisdiction over Plaintiff's state law claim.**

17. In Count I of the Petition, Plaintiff alleges that WFPD failed to pay him properly for overtime under the FLSA.

18. In Count II of the Petition, Plaintiff alleges that WFPD unlawfully retaliated against him for complaining about improper pay under the FLSA.

19. In Count III of the Petition, Plaintiff alleges that he was unlawfully subject to disciplinary action for reporting purported violations of the FLSA.

20. All of Plaintiff's claims in the Petition arise from a common nucleus of facts and form the same case or controversy. At bottom, Plaintiff is alleging that he complained about and/or reported purported FLSA violations and that his employment was allegedly terminated because of those complaints and/or reports.

21. Therefore, Count III falls within this Court's supplemental jurisdiction.

**CONCLUSION**

22. WFPD has the right to remove the State court Action to this Court because a federal question appears on the face of Plaintiff's Petition and because his state law claim falls within this Court's supplemental jurisdiction.

23. Promptly after filing this Notice of Removal, WFPD will file a copy of the Notice of Removal with the Circuit Court of Greene County, Missouri.

24. By filing this Notice of Removal, WFPD does not waive any claims or defenses available at law, in equity or otherwise.

WHEREFORE, WFPD respectfully requests that the above-referenced civil action proceed in the United States District Court for the Western District of Missouri, as an action properly removed thereto.

/s/ Brian Peterson
Brian Peterson            Mo. Bar # 66144
W. Joseph Hatley       Mo. Bar # 33189
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax:   (816) 474-3216
Email: bpeterson@spencerfane.com
Email: jhatley@spencerfane.com
***Attorneys for***
***Willard Fire Protection District***

5

Case 6:21-cv-03033-SRB   Document 1   Filed 02/13/21   Page 5 of 6

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on February 12, 2021, the foregoing was filed with the Court using the CM/ECF system and was thereby served on all counsel of record including the following individuals:

> B. Kyle Bass
> Jase Carter
> CARTER LAW FIRM
> 3407 S. Jefferson Ave., # 109
> St. Louis, Missouri 63118
> (314) 675-1350 (Phone)
> 913.345.2557 (Fax)
> jase@carterfirm.law
> kyle@carterfirm.law
> ***Attorneys for Scott Jones***

/s/ Brian Peterson
*Attorney for*
***Willard Fire Protection District***