# EXHIBIT B



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 2031-CC01519 |
|---|---|
| Plaintiff/Petitioner:<br>SCOTT JONES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYANT KYLE BASS<br>3407 S JEFFERSON AVE<br>SUITE 109<br>ST LOUIS, MO 63118 |
| Defendant/Respondent:<br>WILLARD FIRE PROTECTION DISTRICT | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **WILLARD FIRE PROTECTION DISTRICT**
Alias:
**SERVE: KENNETH SCOTT**
**240 N STATE HWY Z**
**WILLARD, MO 65781**

*COURT SEAL OF*
*GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____12/31/2020_____     _____/s/ Thomas R. Barr by JJ_____
          Date                                    Clerk

Further Information:

### Sheriff's or Server's Return
**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server
Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
                         Date                    Notary Public

**Sheriff's Fees, if applicable**
Summons                  $_____
Non Est                  $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $___10.00___
Mileage                  $_____ (_____ miles @ $_____ per mile)
Total                    $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-2848    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:21-cv-03033-SRB   Document 1-2   Filed 02/13/21   Page 2 of 12

IN THE CIRCUIT COURT OF GREENE COUNTY
STATE OF MISSOURI

| | |
|---|---|
| SCOTT JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| WILLARD FIRE PROTECTION DISTRICT, ) | |
| ) | JURY TRIAL DEMANDED |
| Serve: Kenneth Scott ) | |
| 240 N. State Highway Z ) | |
| Willard, MO 65781 ) | |
| ) | |
| Defendant. ) | |

## PETITION

Plaintiff Scott Jones, by and through his attorneys, brings this cause of action against Defendant Willard Fire Protection District. Mr. Jones was wrongfully retaliated against and fired after complaining of improper pay.

### Jurisdiction and Venue

1. This action arises under the Fair Labor Standards Act ("FLSA"), to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., and under § 105.055.7, et seq., RSMo.

2. Defendant Willard Fire Protection District ("the District") is a public fire protection district located in Green County, Missouri. It is organized and exists under the laws of the state of Missouri and is a public employer within the meaning of § 105.055(3), RSMo. The District's principal place of business is in Willard, Missouri and all alleged acts occurred within Greene County, Missouri.

3. Defendant Willard Fire Protection District is a registered fire department with the Missouri Division of Fire Safety.

4. Plaintiff Jones, based upon reasonable belief at this time absent discovery, indicates that the amount in controversy is more than $25,000.00. Mr. Jones seeks all remedies available under the FLSA and § 105.055.7, RSMo.

**Parties**

5. At all times relevant to Mr. Jones's claims, he was an employee within the meaning of the FLSA and § 105.055, RSMo.

6. Defendant Willard Fire Protection District at all times relevant is an "employer" under the FLSA and § 105.055, RSMo and is organized and exists under the laws of the state of Missouri.

7. Mr. Jones has fulfilled all requirements under the FLSA and § 105.055(7), RSMo.

**Factual Allegations**

8. Before working for the District, Mr. Jones worked for the City of Springfield Fire Department for approximately 25 years. He consistently received positive performance evaluations and rose to the rank of Battalion Chief.

9. Mr. Jones worked as a firefighter for the District from August 2019 until his termination in December 2019.

10. During the hiring process, the District told Mr. Jones that he would be paid $32,800 per year. After receiving his first two paychecks, however, Mr. Jones noticed that his wages did not accurately reflect this amount. Specifically, the District did not correctly pay Mr. Jones for the half-time hours he worked.

11. Mr. Jones spoke with a supervisor, Captain Brett Fish. Mr. Jones told Capt. Fish that there was an issue with Mr. Jones's pay. Mr. Jones told Capt. Fish that Mr. Jones needed an explanation for the discrepancies Mr. Jones noticed.

12. Capt. Fish instructed Mr. Jones to speak with either the District's secretary—Stephanie Shell—or Chief Ken Scott.

13. Mr. Jones first asked Ms. Shell about the pay discrepancies, but Ms. Shell directed Mr. Jones to speak with Chief Scott.

14. Mr. Jones then met with Chief Scott. Mr. Jones told the Chief that his paycheck did not add up; that he was not properly compensated for the hours he worked.

15. Chief Scott immediately became agitated. He told Mr. Jones "I don't want to hear this crap."

16. Chief Scott then attempted to explain that the District used the same pay formula as the Nixa Fire Protection District.

17. Mr. Jones did not think this explained the pay discrepancy he noticed and insisted a problem with the District's calculations was likely.

18. Chief Scott was unwilling to discuss the issue any further, however, and indicated that Mr. Jones should leave the office. Mr. Jones left, without the opportunity to ask any additional questions or explain how the District's formula was wrong.

19. After Mr. Jones's meeting with Chief Scott, other District employees approached Mr. Jones regarding Mr. Jones's pay dispute.

20. Capt. Fish asked Mr. Jones how the meeting with Chief Scott went. Mr. Jones told Capt. Fish and the other District employees "the Chief blew up about the pay thing."

21. After this, other employees told Mr. Jones that they believed they were not being properly paid either. Some of these other employees expressed belief that the District was intentionally shorting employee pay but then providing yearly raises to try to prevent complaints.

22. After these conversations, Mr. Jones contacted a friend who worked for the Nixa Fire Protection District—the other district whose pay calculations Chief Scott claimed Defendant used.

23. Mr. Jones's contact at the Nixa Fire Protection District confirmed that Defendant was not following the Nixa formula and that Defendant's employees were not being correctly compensated for accrued half-time hours worked.

24. In the fall of 2019, the District had its employees on a pay cycle that included two pay periods of 120 hours (5 shifts), followed by a third pay period of 96 hours (4 shifts). Employees *should* have received 40 hours of overtime for every 120-hour pay period, and 16 hours for every 96-hour pay period. However, the District would improperly pay 16 hours for every 120-hour period, and 40 hours for every 96-hour period. The higher number of 120-hour shifts meant the District shorted every employee approximately 24 hours of overtime earned every six weeks.

25. Mr. Jones did not speak to Chief Scott about pay deficiencies again but did have conversations with other supervisors and co-workers regarding the miscalculation of pay.

26. Mr. Jones was still a probationary employee and he did not want the District to terminate him. Instead, Mr. Jones told other employees that he would address the pay discrepancies again after he finished his probationary period.

27. From August 2019 to December 2019, Mr. Jones performed his job in a

satisfactory manner.

28. In November 2019, Mr. Jones received a positive performance evaluation and his supervisors told Mr. Jones he was doing well.

29. Mr. Jones never received any discipline or counseling from the District.

30. Mr. Jones was terminated without warning or explanation on December 29, 2019.

31. Chief Scott arrived at the station that day and asked to see Mr. Jones and Captain Stephen House, the acting captain on duty.

32. In the Captain's office, Chief Scott told Mr. Jones that the District's Board of Directors decided to terminate Mr. Jones.

33. Chief Scott said that Mr. Jones had a strong work ethic and worked hard, but that the Board "heard some things."

34. Chief Scott told Mr. Jones that the Board was trying to fix some problems and that the District had decided to terminate Mr. Jones before the completion of his probationary period.

35. The District has a progressive discipline policy, but neither this nor any other disciplinary options were presented to Mr. Jones.

36. Upon information and belief, the U.S. Department of Labor investigated the District regarding its failure to properly pay employees for hours worked.

37. Upon information and belief, the U.S. Department of Labor found that Defendant was improperly calculating half-time hours, which resulted in employees receiving less pay than what they were owed.

**Count I—FLSA Unpaid Wages**

38. Plaintiff incorporates by reference all previous paragraphs.

39. Defendant failed to fully pay Mr. Jones for all overtime worked during his employment.

40. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

41. WHEREFORE, Mr. Jones prays for judgment against Defendant on Count I; for an award of liquidated damages; unpaid wages, overtime; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' and expert fees and expenses and for such other and further relief the Court deems just and proper.

### Count II—FLSA Retaliation Claim Against Defendant (29 U.S.C. § 215(a)(3))

42. Plaintiff incorporates by reference all previous paragraphs.

43. The acts described above constitute retaliation prohibited by the FLSA.

44. Mr. Jones engaged in statutorily protected activity under the FLSA when he complained to his direct supervisor—Captain Fish—and to Chief Scott about the improper calculation of pay.

45. The District illegally retaliated against Mr. Jones by discharging him after he complained of incorrect pay.

46. The District took adverse action against Mr. Jones because he engaged in statutorily protected activity under the FLSA.

47. As a direct and proximate result of the District's retaliatory conduct against Mr. Jones, he sustained lost wages and other benefits, has been denied the opportunity to be gainfully employed, and has suffered emotional upset.

48. The act of discharging Mr. Jones for reporting and complaining about FLSA

6

Electronically Filed - Greene - December 29, 2020 - 04:50 PM

violations constitutes malice or a reckless disregard for Plaintiff's protected rights.

49. WHEREFORE, Mr. Jones prays for judgment against Defendant on Count II, for a finding that he has been subjected to unlawful retaliation prohibited by the FLSA; for an award of liquidated damages; back pay and other benefits including interest; equitable relief including reinstatement and allowing Mr. Jones to work without being subjected to retaliatory conduct and/or other hostile, offensive or intimidating treatment; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' and expert fees and expenses and for such other and further relief the Court deems just and proper.

### Count III—Whistleblower Claim Against Defendant (§ 105.055.7, RSMo)

50. Plaintiff incorporates by reference all previous paragraphs.

51. Missouri law prevents public employers from "tak[ing] any disciplinary action whatsoever against a public employee for the disclosure of any alleged prohibited activity under investigation or any related activity, or for the disclosure of information which the employee reasonably believes evidences," a violation of any law, rule, or regulation. RSMo. § 105.055.3 (emphasis added).

52. Disciplinary action under RSMo. § 105.055.1(1) is defined as: "any dismissal, demotion, transfer, reassignment, suspension, reprimand, warning of possible dismissal or withholding of work, regardless of whether the withholding of work has affected or will affect the employee's compensation."

53. Mr. Jones was subjected to disciplinary action by the District.

54. Mr. Jones was disciplined by the District for reporting what he reasonably believed to be a violation of law when he informed the District that it was not correctly

Electronically Filed - Greene - December 29, 2020 - 04:50 PM

compensating employees for work performed.

55. The District terminated Mr. Jones because he reported the District's failure to fully compensate employees.

56. Mr. Jones believes he would still be working for the District and would not have been terminated if he had never reported the District's pay deficiencies.

WHEREFORE, Mr. Jones prays for judgment against Defendant on Count III, for a finding that he has been subjected to unlawful disciplinary action prohibited by the § 105.055, RSMo; for Defendant to be enjoined from engaging in such conduct; for Plaintiff to be restored to his position with Defendant; for an award of actual damages; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' and expert fees and expenses and for such other and further relief the Court deems just and proper.

### Demand for a Jury Trial

Plaintiff requests a trial by jury on all issues in this case which are so triable.

Respectfully submitted,

CARTER LAW FIRM, LLC

*/s/ B. Kyle Bass*
Jase Carter, Mo. Bar No. 63752
B. Kyle Bass, Mo. Bar No. 65768
3407 S. Jefferson Ave., #109
St. Louis, MO 63118
(314) 675-1350
jase@carterfirm.law
kyle@carterfirm.law

*Attorneys for Scott Jones*

Case 6:21-cv-03033-SRB   Document 1-2   Filed 02/13/21   Page 10 of 12



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: MICHAEL J CORDONNIER | Case Number: 2031-CC01519 |
| Plaintiff/Petitioner: SCOTT JONES | Plaintiff's/Petitioner's Attorney/Address: BRYANT KYLE BASS, 3407 S JEFFERSON AVE, SUITE 109, ST LOUIS, MO 63118 |
| vs. Defendant/Respondent: WILLARD FIRE PROTECTION DISTRICT | Court Address: JUDICIAL COURTS FACILITY, 1010 N BOONVILLE AVE, SPRINGFIELD, MO 65802 |
| Nature of Suit: CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** WILLARD FIRE PROTECTION DISTRICT
**Alias:**

SERVE: KENNETH SCOTT
240 N STATE HWY Z
WILLARD, MO 65781

*COURT SEAL OF GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____12/31/2020_____       _____/s/ Thomas R. Barr by JJ_____
Date                                         Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                          Date                                          Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only*: **Document Id # 20-SMCC-2848**      1 of 1      02/13/21    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:21-cv-03033-SRB   Document 1-2   Filed 02/13/21   Page 11 of 12



IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

**FILED JAN 19 2021**
CIRCUIT CLERK
GREENE COUNTY

Greene County
Sheriff's Office
JAN 14 2021
RECEIVED
Civil Office

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 2031-CC01519 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SCOTT JONES | Plaintiff's/Petitioner's Attorney/Address<br>BRYANT KYLE BASS<br>3407 S JEFFERSON AVE<br>SUITE 109<br>ST LOUIS, MO 63118 | |
| | vs. | |
| Defendant/Respondent:<br>WILLARD FIRE PROTECTION DISTRICT | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: WILLARD FIRE PROTECTION DISTRICT
Alias:

SERVE: KENNETH SCOTT
240 N STATE HWY Z
WILLARD, MO 65781

COURT SEAL OF
GREENE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____12/31/2020_____  _____/s/ Thomas R. Barr by JJ_____
Date  Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☒ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _240 N. State Hwy Z_ (address)
in _Greene_ (County/City of St. Louis), MO, on _01/15/2021_ (date) at _1230_ (time).

_C. Morgan_ _____
Printed Name of Sheriff or Server  Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date  Notary Public

**Sheriff's Fees, if applicable**
Summons $_____
Non Est $_____  1192
Sheriff's Deputy Salary
Supplemental Surcharge $_10.00_
Mileage $_25.00_ (_____ miles @ $_____ per mile)
Total $_35_

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-2848   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:21-cv-03033-SRB   Document 1-2   Filed 02/13/21   Page 12 of 12