# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTT JONES, | ) |
| Plaintiff, | ) |
| | ) Case No. 6:21-CV-03033-SRB |
| v. | ) |
| WILLARD FIRE PROTECTION DISTRICT | ) |
| Defendants. | ) |

## WILLARD FIRE PROTECTION DISTRICT'S ANSWER

Defendant Willard Fire Protection District ("WFPD") files this Answer in response to Plaintiff Scott Jones's Petition:

### Jurisdiction and Venue

1. Plaintiff's Petition speaks for itself. To the extent any response is required, WFPD denies the allegations in paragraph 1 of Plaintiff's Petition.

2. WFPD admits that its principal place of business is in Willard, Missouri. The remaining allegations in paragraph 2 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent any response is required, WFPD denies the remaining allegations in paragraph 2 of Plaintiff's Petition.

3. WFPD admits that it is a fire protection district under section 321.010 of the Missouri revised statutes. WFPD denies the remaining allegations of paragraph 3 of Plaintiff's Petition.

4. WFPD is without sufficient information to admit or deny the allegations in paragraph 4 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 4 of Plaintiff's Petition.

**Parties**

5. The allegations in paragraph 5 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent any response is required, WFPD denies the allegations in paragraph 5 of Plaintiff's Petition.

6. The allegations in paragraph 6 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent any response is required, WFPD denies the allegations in paragraph 6 of Plaintiff's Petition.

7. The allegations in paragraph 7 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent any response is required, WFPD denies the allegations in paragraph 7 of Plaintiff's Petition.

**Factual allegations**

8. WFPD admits that Plaintiff previously worked for the City of Springfield Fire Department. WFPD is without sufficient information to admit or deny the remaining allegations in paragraph 8 of Plaintiff's Petition. To the extent any response is required, WFPD denies the remaining allegations in paragraph 8 of Plaintiff's Petition.

9. WFPD admits that Plaintiff worked as a firefighter from in or about August 2019 until in or about December 2019.

10. WFPD admits that Plaintiff's was hired at an annual salary of $32,800 per year. WFPD denies the remaining allegations in paragraph 10 of Plaintiff's Petition.

11. WFPD is without sufficient information to admit or deny the allegations in paragraph 11 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 11 of Plaintiff's Petition.

12. WFPD is without sufficient information to admit or deny the allegations in paragraph 12 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 12 of Plaintiff's Petition.

13. WFPD is without sufficient information to admit or deny the allegations in paragraph 13 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 13 of Plaintiff's Petition.

14. WFPD is without sufficient information to admit or deny the allegations in paragraph 14 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 14 of Plaintiff's Petition.

15. WFPD is without sufficient information to admit or deny the allegations in paragraph 15 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 15 of Plaintiff's Petition.

16. WFPD admits that Chief Scott attempted to explain the hourly pay formula it used for firefighters to Plaintiff. WFPD is without sufficient information to admit or deny the remaining allegations in paragraph 16 of Plaintiff's Petition. To the extent any response is required, WFPD denies the remaining allegations in paragraph 16 of Plaintiff's Petition.

17. WFPD is without sufficient information to admit or deny the allegations in paragraph 17 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 17 of Plaintiff's Petition.

18. WFPD is without sufficient information to admit or deny the allegations in paragraph 18 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 18 of Plaintiff's Petition.

19. WFPD is without sufficient information to admit or deny the allegations in paragraph 19 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 19 of Plaintiff's Petition.

20. WFPD is without sufficient information to admit or deny the allegations in paragraph 20 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 20 of Plaintiff's Petition.

21. WFPD is without sufficient information to admit or deny the allegations in paragraph 21 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 21 of Plaintiff's Petition.

22. WFPD is without sufficient information to admit or deny the allegations in paragraph 22 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 22 of Plaintiff's Petition.

23. WFPD is without sufficient information to admit or deny the allegations in paragraph 23 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 23 of Plaintiff's Petition.

24. WFPD denies the allegations in paragraph 24 of Plaintiff's Petition.

25. WFPD is without sufficient information to admit or deny the allegations in paragraph 25 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 25 of Plaintiff's Petition.

26. WFPD admits that Plaintiff was a probationary employee. WFPD is without sufficient information to admit or deny the remaining allegations in paragraph 26 of Plaintiff's Petition. To the extent any response is required, WFPD denies the remaining allegations in paragraph 26 of Plaintiff's Petition.

27. WFPD denies the allegations in paragraph 27 of Plaintiff's Petition.

28. WFPD denies the allegations in paragraph 28 of Plaintiff's Petition.

29. WFPD is without sufficient information to admit or deny the allegations in paragraph 29 of Plaintiff's Petition. To the extent any response is required, WFPD denies the allegations in paragraph 29 of Plaintiff's Petition.

30. WFPD admits that Plaintiff's employment was terminated on or about December 29, 2019. WFPD denies the remaining allegations in paragraph 30 of Plaintiff's Petition.

31. WFPD admits that Chief Scott asked Plaintiff to come to his office on the morning of December 29, 2019. WFPD admits that Stephen House was also present for that meeting.

32. WFPD admits that Plaintiff was informed his employment was being terminated. WFPD denies the remaining allegations in paragraph 32 of Plaintiff's Petition.

33. WFPD denies the allegations in paragraph 33 of Plaintiff's Petition.

34. WFPD denies the allegations in paragraph 34 of Plaintiff's Petition.

35. WFPD admits that it has a progressive disciplinary policy. WFPD denies the remaining allegations of paragraph 35 of Plaintiff's Petition because Mr. Jones was a probationary employee who was not subject to the progressive disciplinary policy.

36. WFPD admits that the DOL conducted an investigation regarding its time keeping practices. WFPD denies the remaining allegations in paragraph 36 of Plaintiff's Petition.

37. WFPD denies the allegations in paragraph 37 of Plaintiff's Petition.

### Count I – FLSA Unpaid Wages

38. Answering paragraph 38 of Plaintiff's Petition, WFPD restates and incorporates by reference its responses to the above paragraphs.

39. WFPD denies the allegations in paragraph 39 of Plaintiff's Petition.

40. WFPD denies the allegations in paragraph 40 of Plaintiff's Petition.

WHEREFORE, having answered Count I of Plaintiff's Petition, WFPD asks the Court to enter a judgment in its favor and against Plaintiff, for its costs, and for any other relief the Court deems just and proper.

**Count II – FLSA Retaliation Claim Against Defendant (29 U.S.C. § 215(a)(3))**

42. Answering paragraph 42 of Plaintiff's Petition, WFPD restates and incorporates by reference its responses to the above paragraphs.

43. WFPD denies the allegations in paragraph 43 of Plaintiff's Petition.

44. The allegations in paragraph 44 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent any response is required, WFPD denies the allegations in paragraph 44 of Plaintiff's Petition.

45. WFPD denies the allegations in paragraph 45 of Plaintiff's Petition.

46. WFPD denies the allegations in paragraph 46 of Plaintiff's Petition.

47. WFPD denies the allegations in paragraph 47 of Plaintiff's Petition.

48. WFPD denies the allegations in paragraph 48 of Plaintiff's Petition.\

WHEREFORE, having answered Count II of Plaintiff's Petition, WFPD asks the Court to enter a judgment in its favor and against Plaintiff, for its costs, and for any other relief the Court deems just and proper.

**Count III – Whistle Blower Claim (§ 105.055.7, RSMo)**

50. Answering paragraph 50 of Plaintiff's Petition, WFPD restates and incorporates by reference its responses to the above paragraphs.

51. The Missouri statute speaks for itself. The allegations in paragraph 51 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent any response is required, WFPD denies the allegations in paragraph 51 of Plaintiff's Petition.

52. The Missouri statute speaks for itself. The allegations in paragraph 52 of Plaintiff's Petition are legal conclusions to which no response is required. To the extent any response is required, WFPD denies the allegations in paragraph 52 of Plaintiff's Petition.

53. WFPD admits that Plaintiff's employment was terminated. WFPD denies the allegations in paragraph 53 to the extent they allege a legal conclusion.

54. WFPD denies the allegations in paragraph 54 of Plaintiff's Petition.

55. WFPD denies the allegations in paragraph 55 of Plaintiff's Petition.

56. WFPD denies the allegations in paragraph 56 of Plaintiff's Petition.

WHEREFORE, having answered Count III of Plaintiff's Petition, WFPD asks the Court to enter a judgment in its favor and against Plaintiff, for its costs, and for any other relief the Court deems just and proper.

## **WFPD's AFFIRMATIVE AND OTHER DEFENSES**

WFPD denies each and every allegation, count, claim, and prayer which is not expressly admitted. Responding further to Plaintiff's Petition, without any admission as to the burden of proof or as to any of the averments in Plaintiff's Petition, WFPD alleges the following affirmative and other defenses:

1. Count I fails to state a claim upon which relief can be granted because Plaintiff was fully and properly paid all of his earned wages.

2. WFPD acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

3. Plaintiff's action is barred because he seeks to recover for time that is *de minimus* work time and thus not compensable under the FLSA.

4. Plaintiff's claims are barred to the full extent of the operation of the equitable doctrine of laches, estoppel, payment, unclean hands, *in pari delicto*, accord and satisfaction, and/or payment or set off to the extent she has been fully compensated for any owed "wages" and, by accepting the payments made to them, have effectuated an accord and satisfaction of his claims.

5. WFPD's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the U.S. Department of Labor.

6. All actions taken by WFPD with respect to Plaintiff were supported by legitimate business reasons.

7. Plaintiff is not entitled to liquidated damages as WFPD did not commit any willful violation of the overtime provisions of the FLSA, nor did WFPD ratify any such violation.

8. Plaintiff has failed to plead facts with sufficient particularity to support an award of liquidated damages or, alternatively, any award of liquidated damages is barred because WFPD acted in good faith, with reasonable basis and an honest intention to comply with the law at all times.

9. Count II fails to state a claim upon which relief can be granted because the termination of Plaintiff's employment was not motivated by any protected activities he allegedly engaged in under the FLSA.

10. Count III fails to state a claim upon which relief can be granted because the termination of Plaintiff's employment was not motivated by any protected activities he allegedly engaged in under RSMo. § 105.055.7.

11. Plaintiff failed to mitigate his alleged damages.

12. To the extent plaintiff received unemployment compensation, other public benefits, or compensation from employment following his tenure at WFPD, such compensation should offset any damages award Plaintiff may receive.

13. Plaintiff's claims for punitive damages are contrary to Missouri law and constitutional provisions of both the Missouri and United States Constitutions.

*Respectfully submitted*,

**SPENCER FANE LLP**

*/s/ Brian Peterson*
Brian Peterson                MO #66144
W. Joseph Hatley           MO #33189
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
(816) 474-8100 (phone)
(816) 474-3216 (fax)
bpeterson@spencerfane.com
jhatley@spencerfane.com
***Attorneys for***
***Willard Fire Protection District***

# **CERTIFICATE OF SERVICE**

I certify that on February 13, 2021, I electronically filed the foregoing document with the clerk of the court via CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Brian Peterson*
*Attorney for*
*Willard Fire Protection District*